Laurence M. Goodman (LG-0143)
Ryan Allen Hancock (*Pro Hac Vice* forthcoming)
Samuel H. Datlof (*Pro Hac Vice* forthcoming)
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600
lgoodman@wwdlaw.com
rhancock@wwdlaw.com
sdatlof@wwdlaw.com

*Counsel for Plaintiff and the Proposed Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CARLOS NUNEZ GONZALEZ, individually and on behalf of all others similarly situated, <br><br> **Plaintiff,** <br><br> v. <br><br> KLC CLEANING PRO SERVICES LLC, MUROD KADIROV, DAVRON SAYDAHMEDOV, and LASZLO KISS, <br><br> **Defendants.** | No. <br><br> **CLASS/COLLECTIVE ACTION** <br><br> **JURY TRIAL DEMANDED** |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Juan Carlos Nunez Gonzalez ("Plaintiff"), by way of Class Action Complaint against Defendants KLC Cleaning Pro Services LLC, Murod Kadirov, Davron Saydahmedov, and Laszlo Kiss ("Defendants"), herein allege violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Maryland Wage and Hour Law ("MWHL").

Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while the NJWHL, PMWA, and MWHL claims are asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and federal Rule 23 class action claims may proceed together in same lawsuit).

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because the state law claims and federal statutory claim derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. Plaintiff Juan Carlos Nunez Gonzalez resides in Camden County, New Jersey, and worked for Defendants from approximately February 2024 to the present.

5. Plaintiff was employed by Defendants to clean the Wegmans supermarket located at 2100 Route 70 West, Cherry Hill, NJ 08002.

6. Plaintiff, as well as most of Defendants' employees, are classified as non-exempt and are paid an hourly wage ("Hourly Workers").

7. Defendant KLC Cleaning Pro Services ("Defendant KLC Cleaning") is a corporation incorporated in Pennsylvania with a headquarters located at 641 S. 61st Street, Harrisburg, PA 17111.

8. The unlawful acts alleged in this Complaint were committed by Defendant KLC Cleaning and/or their officers, agents, employees, or representatives, while actively engaged in the management of the Defendant KLC Cleaning's business or affairs and with the authorization of Defendant KLC Cleaning.

9. During all times relevant, Plaintiff was an employee of Defendant KLC Cleaning.

10. During all times relevant, Defendant KLC Cleaning was an employer covered by the FLSA, the NJWHL, the PMWA, and the MWHL.

11. Defendant Murad Kadirov ("Defendant Kadirov") resides in Maryland. Defendant Kadirov is an officer of KLC Cleaning and exerted substantial control over significant aspects of KLC Cleaning's operations during all relevant time periods. In managing day-to-day operations, Defendant Kadirov makes decisions concerning staffing, the assignment of personnel, pay policies, compensation, and scheduling.

12. Defendant Davron Saydahmedov ("Defendant Saydahmedov") resides in Maryland. Defendant Saydahmedov is an officer of KLC Cleaning and exerted substantial control over significant aspects of KLC Cleaning's operations during all relevant time periods. In managing day-to-day operations, Defendant Saydahmedov makes decisions concerning staffing, the assignment of personnel, pay policies, compensation, and scheduling.

13. Defendant Laszlo Kiss ("Defendant Kiss") resides in Pennsylvania. Defendant Kiss is an officer of KLC Cleaning and exerted substantial control over significant aspects of KLC Cleaning's operations during all relevant time periods. In managing day-to-day operations,

Defendant Kiss makes decisions concerning staffing, the assignment of personnel, pay policies, compensation, and scheduling.

14. Defendants employ Hourly Workers in New Jersey, Pennsylvania, Maryland, as well as potentially other states.

15. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

16. Defendants' annual gross sales exceeds $500,000.

## CLASS DEFINITIONS

17. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following class:

> **All current or former non-exempt hourly employees of Defendant KLC Cleaning who performed work in the United States during the applicable limitations period (the "FLSA Class").**

18. Plaintiff brings Count II of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> **All current or former non-exempt hourly employees of Defendant KLC Cleaning who performed work in the State of New Jersey during the applicable limitations period (the "New Jersey Class").**

19. Plaintiff brings Count III of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> **All current or former non-exempt hourly employees of Defendant KLC Cleaning who performed work in the Commonwealth of Pennsylvania during the applicable limitations period (the "Pennsylvania Class").**

20. Plaintiff brings Count IV of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

>**All current or former non-exempt hourly employees of Defendant KLC Cleaning who performed work in the State of Maryland during the applicable limitations period (the "Maryland Class").**

21. The New Jersey Class, Pennsylvania Class, and Maryland Class are collectively referred to as the "State Law Classes."

22. The FLSA Class and the State Law Classes are collectively referred to as the "Classes."

23. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTS

24. Defendant KLC Cleaning provides cleaning services to commercial clients.

25. Most of Defendant KLC Cleaning's employees, including Plaintiff, are classified as non-exempt and are paid an hourly wage ("Hourly Workers").

26. Upon information and belief, Defendant KLC Cleaning employs over 150 individuals as Hourly Workers.

27. Defendant KLC Cleaning regularly requires Hourly Workers to work more than forty (40) hours per week.

28. Hourly Workers are paid a fixed sum of compensation per day, regardless of the precise number of hours worked.

29. Hourly Workers are paid $100 per day.

30. On the 31st day of a month, Hourly Workers receive no compensation for their work.

31. Hourly Workers work approximately seven (7) hours per day.

32. Hourly Workers are not paid one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

33. Upon information and belief, Defendants failed to make, keep and preserve records with respect to Plaintiff and other members of the Classes sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal and state law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c); N.J. Stat. § 12:56-4.1; 43 P.S. § 333.108; 34 Pa. Code § 231.31; Md. Code, Lab. & Emp. §§ 3-424, 3-425.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

34. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

35. Plaintiff desires to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

36. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

37. Specifically, Defendants failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

38. The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

39. Defendants employ many FLSA Class Members. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **CLASS ALLEGATIONS**

40. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the State Law Class as defined above.

41. The Class is so numerous that joinder of all members is impracticable because, on information and belief, it includes hundreds of individuals, all of whom are readily ascertainable from Defendants' business records.

42. There are questions of law or fact common to the Class, including but limited to whether Defendants are covered employers under the NJWHL, PMWA, and MWHL, and whether Defendants paid Hourly Workers overtime premiums as required by law.

43. Plaintiff has claims typical of the Class because his claims arise from the same common policies, or lack thereof, that affected all members of the Class.

44. Plaintiff and his lawyers will fairly and adequately protect the interests of the Class because Plaintiff is represented by class action counsel with the experience and resources required

to litigate this case, and Plaintiff and his counsel are free of conflicts of interest that would impede their vigorous pursuit of this matter.

45. A class action provides a fair and efficient method for adjudicating this controversy because, among other things, common questions of law and fact predominate over any questions affecting Plaintiff or any other individual Class member; the monetary damages sought are readily calculatable and attributable to Class members; and maintenance of the instant litigation protects against the risk of inconsistent or varying adjudications that might result if individual Class members were to commence independent actions.

46. Moreover, because Defendants conduct a substantial amount of business in this District, this Court is an appropriate forum for the litigation of the claims of the entire Class.

47. Finally, the complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of litigating this controversy as a class action. In the instant action, Plaintiff will seek and present evidence concerning Defendants' common timekeeping, compensation, and payroll practices. Gathering and presenting this evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings or to joinder of many individuals with separate counsel, presents fewer management difficulties, and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each Class member, and meets all due process requirements as to fairness to Defendants.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of the FLSA Class)**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA requires that covered employees be compensated for all hours worked exceeding forty in a workweek at a rate no less than one and one-half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 552.100.

50. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

51. At all relevant times, each of the Defendants was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

53. Upon information and belief, at all relevant times Defendants' annual gross volume of sales made or business done exceeded $500,000.

54. At all relevant times, Plaintiff and Hourly Workers were employees whose job duties made them covered by the overtime protections of the FLSA. *See* 29 U.S.C. § 207(a)(1).

55. Defendants regularly required, suffered, and permitted Plaintiff and Hourly Workers to work more than forty hours per workweek.

56. Defendants failed to pay Plaintiff and Hourly Workers at a rate not less than one and one-half times their regular wage rate for all hours worked above forty in a workweek, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 552.100 and § 778.112.

57. Plaintiff and Hourly Workers are not exempt from the requirements of the FLSA. Plaintiff and Hourly Workers are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

58. Defendants also failed to create, keep and preserve records with respect to work performed by Plaintiff and Hourly Workers sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

59. In violating the FLSA, Defendants acted intentionally, willfully, and with reckless disregard of clearly applicable FLSA provisions.

60. As a result of these violations, Plaintiff and Hourly Workers suffered damages.

61. Plaintiff and Hourly Workers are entitled to an award of damages for unpaid wages due plus liquidated damages in an equal amount and interest, as well as attorneys' fees, in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II
### Violations of the New Jersey Wage and Hour Law
### (On Behalf of the New Jersey Class)

62. All previous paragraphs are incorporated as though fully set forth herein.

63. The New Jersey Wage and Hour Law ("NJWHL") requires that covered employees be compensated for all hours worked. N.J. Stat. Ann. § 34:11-56a4.

64. The NJWHL also requires that covered employees be compensated not below the minimum wage rate. N.J. Stat. Ann. § 34.11-56a4. The current minimum wage rate is set at $15.49 per hour. N.J.A.C. 12:45-31(c), (d).

65. The NJWHL also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he is employed. N.J. Stat. Ann. § 34:11-56a4.

66. Plaintiff and the New Jersey Class are not exempt from the NJWHL.

67. Defendants are subject to the minimum wage and overtime requirements of the NJWHL because Defendants are employers under NJWHL, N.J. Stat. Ann. § 34:11-56a1(g).

68. During all relevant times, Plaintiff and the New Jersey Class were covered employees entitled to the above-described NJWHL's protections pursuant to NJWHL, N.J. Stat. Ann. § 34:11-56a1(h).

69. Defendants failed to compensate Plaintiff and the New Jersey Class for all hours worked, in violation of the NJWHL.

70. Defendants failed to compensate Plaintiff and the New Jersey Class at the minimum wage rate, in violation of the NJWHL.

71. Defendants failed to compensate Plaintiff and the New Jersey Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of the NJWHL.

72. Defendants' violations of the NJWHL were repeated, willful, intentional, and in bad faith.

73. Pursuant to NJWHL, N.J. Stat. Ann. § 34:11-56a25, employers, such as Defendants, who fail to pay an employee wages in conformance with the NJWHL shall be liable to the employee for the wages or expenses that were not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of the Pennsylvania Class)

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The PMWA requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

76. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he or she is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

77. Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

78. The Pennsylvania Class is not exempt from the PMWA.

79. During all relevant times, the Pennsylvania Class consisted of covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

80. Defendants' compensation scheme that is applicable to the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 Pa. Code §§ 231.1(b) and 43(b).

81. Defendants failed to compensate the Pennsylvania Class for all hours worked. *See* 34 PA. CODE § 231.41(b).

82. Defendants failed to compensate the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

83. Pursuant 43 P.S. § 333.113, employers, such as Defendants, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT IV
### Violations of the Maryland Wage and Hour Law
### (On Behalf of the Maryland Class)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. The Maryland Wage and Hour Law ("MWHL") requires that covered employees be compensated for all hours worked. Md. Labor and Employment Code Ann. § 3-413.

86. The MWHL also requires covered employees be compensated not below the minimum wage rate. The current minimum wage is set at $15.00 per hour. Md. Labor and Employment Code Ann. § 3-413.

87. The MWHL also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he is employed. Md. Labor and Employment Code Ann. §§ 3-415, 420.

88. The Maryland Class is not exempt from the MWHL.

89. Defendants are subject to the minimum wage and overtime requirements of the MWHL because Defendants are employers under the MWHL. Md. Labor and Employment Code Ann. § 3-401.

90. During all relevant times, the Maryland Class consisted of covered employees entitled to the above-described MWHL's protections pursuant to the MWHL. Md. Labor and Employment Code Ann. § 3-401.

91. Defendants failed to compensate the Maryland Class for all hours worked, in violation of the MWHL.

92. Defendants failed to compensate the Maryland Class at the minimum wage rate, in violation of the MWHL.

93. Defendants failed to compensate the Maryland Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of the MWHL.

94. Defendants' violations of the MWHL were repeated, willful, intentional, and in bad faith.

95. Pursuant to MWHL, § 3-427, employers, such as Defendants, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages or expenses that were not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, seeks the following relief:

a. An order permitting this litigation to proceed as a FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the State Law Classes, with Plaintiff serving as the Class Representative and his undersigned counsel as Class Counsel;

d. Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

**[Signature Block Follows]**

        Respectfully submitted,

        **WILLIG, WILLIAMS & DAVIDSON**

        /s/ *Laurence M. Goodman*
        Laurence M. Goodman (LG-0143)
        Ryan Allen Hancock (*Pro Hac Vice* forthcoming)
        Samuel H. Datlof (*Pro Hac Vice* forthcoming)
        Willig, Williams & Davidson
        1845 Walnut Street, 24th Floor
        Philadelphia, PA 19103
        (215) 656-3600
        lgoodman@wwdlaw.com
        rhancock@wwdlaw.com
        sdatlof@wwdlaw.com

        Kate Brown (*Pro Hac Vice* forthcoming)
        Solow, Hartnett & Galvan
        1601 Walnut Street, Suite 1200
        Philadelphia, PA 19102
        (215) 330-5244
        kate@shglawpa.com

        *Attorneys for Plaintiff and the Proposed Classes*

June 23, 2025