IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUAN CARLOS NUNEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>KLC CLEANING PRO SERVICES LLC, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-12026-KMW-EAH<br><br>**OPINION** |

**Samuel Datlof, Esq.**
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

*Counsel for Plaintiff*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Before the Court is the motion of Plaintiff Juan Carlos Nunez Gonzalez ("Plaintiff"), seeking the entry of default judgment against Defendants KLC Cleaning Pro Services LLC, Murod Kadirov, Davron Saydahmedov, and Laszlo Kiss (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## II. BACKGROUND

This is a case for unpaid wages and overtime compensation. Plaintiff alleges that he has worked for KLC Cleaning Pro Services LLC ("KLC") since approximately February 2024, performing cleaning services at a supermarket in Cherry Hill, New Jersey. (ECF No. 1 ¶¶ 4–5.)

KLC is a Pennsylvania corporation that provides commercial cleaning services and allegedly employs more than 150 non-exempt hourly workers in New Jersey, Pennsylvania, Maryland, and potentially other states. (*Id.* ¶¶ 7, 14, 24–26.) The Complaint also names Murod Kadirov, Davron Saydahmedov, and Laszlo Kiss (the "Individual Defendants"), each of whom is alleged to be an "officer" of KLC who exercised "substantial control over significant aspects" of the company's operations. (*Id.* ¶¶ 11–13.)

According to the Complaint, KLC regularly requires its hourly workers to work more than forty hours per week but compensates them at a fixed rate of $100 per day, regardless of the precise number of hours worked. (*Id.* ¶¶ 27–29.) Plaintiff alleges that hourly workers generally work approximately seven hours per day and receive no compensation for work performed on the thirty-first day of a month. (*Id.* ¶¶ 30–31.) Most relevant here, Plaintiff alleges that Defendants fail to pay hourly workers one-and-one-half times their regular rate for hours worked in excess of forty in a workweek. (*Id.* ¶ 32.)

Plaintiff commenced this action on June 23, 2025. On behalf of himself and a proposed collective of current and former non-exempt hourly employees, Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"). He also asserts analogous claims under the wage-and-hour laws of New Jersey, Pennsylvania, and Maryland on behalf of proposed state-law classes.

To date, Defendants have not answered or otherwise responded to the Complaint. Upon Plaintiff's request, the Clerk of Court entered default against each of the Defendants. (ECF Nos. 8, 15, 16, 22.) On January 27, 2026, Plaintiff filed the present motion pursuant to Rule 55(b), seeking default judgment on his individual FLSA claim and requesting an evidentiary hearing or briefing schedule to determine damages. (ECF No. 23.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 476–77 (D.N.J. 2023) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008)). Rule 55 prescribes a two-step process for obtaining default judgment. First, the moving party must ask the clerk of court to enter default against the silent party. *See* Fed. R. Civ. P. 55(a); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). If and after the clerk enters default, the party may move the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2). Thereafter, "it is within the discretion of the district court whether to grant a motion for a default judgment." *Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017).

## IV. DISCUSSION

Under Rule 55(b), default judgment may be entered against a defendant only if the Court finds (1) that it has subject matter jurisdiction over this action and personal jurisdiction over Defendants; (2) that the unchallenged facts sufficiently establish the elements of the cause of action asserted; and (3) the circumstances otherwise render the entry of default proper. *See Great Lakes*, 652 F. Supp. 3d at 477; *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015).

### A. Jurisdiction

#### 1. *Subject-Matter Jurisdiction*

Subject-matter jurisdiction denotes "the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). Here, the Court has such authority because Plaintiff asserts a claim

under the FLSA, which arises under federal law. *See* 28 U.S.C. § 1331 (authorizing exercise of federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court also has supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same alleged compensation practices as his FLSA claim and therefore form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) (authorizing exercise of "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

**2. *Personal Jurisdiction***

Personal jurisdiction refers to the power of the court to issue binding judgments concerning the rights and obligations of parties to a lawsuit. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Before entering default judgment against a defendant, district courts must be satisfied both that the exercise of personal jurisdiction comports with due process and that the defendant was properly served with process. *See New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, No. 10-cv-148, 2011 WL 2038766, at *2 (D.N.J. May 24, 2011) (quoting *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)).

First, the Court finds that it has specific personal jurisdiction over KLC. Specific personal jurisdiction allows a court to exercise authority over an out-of-state defendant when the defendant has sufficient "minimum contacts" contacts with the state and the claims "arise out of or relate to" those contacts. *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 383 (3d Cir. 2022); *see also O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Although KLC is incorporated and headquartered in Pennsylvania, Plaintiff alleges that KLC employed him to perform cleaning

services at a supermarket in Cherry Hill, New Jersey. His FLSA claim, in turn, arises from KLC's alleged failure to pay him the overtime compensation due for that employment. Those allegations establish both that KLC purposefully directed employment-related activities toward New Jersey and that Plaintiff's claim arises out of or relates to those contacts. *See Fogg v. Clean Harbors Env't Servs., Inc.*, No. 21-7626, 2023 WL 1794836, at *5 (D.N.J. Feb. 7, 2023) (finding specific jurisdiction where the plaintiffs' FLSA claims arose from their employment in New Jersey and observing that "in-state employment is a good proxy for specific jurisdiction"). Nothing in the record suggests that requiring KLC to defend a claim arising from its employment of Plaintiff in New Jersey would offend traditional notions of fair play and substantial justice.

The Court also finds that KLC was properly served with process. Rule 4(h)(1)(B) permits service on corporate entities by delivering a copy of the summons and complaint to one of its officers. Here, an affidavit of service reflects that KLC's summons and the Complaint were personally delivered to Defendant Murod Kadirov in his capacity as a company officer. (ECF No. 21.) Because the exercise of specific jurisdiction over KLC comports with due process and KLC was properly served, the Court is satisfied that it has personal jurisdiction over KLC.

The same conclusion does not follow as to the Individual Defendants. Personal jurisdiction must be established as to each defendant individually; jurisdiction over a corporation does not automatically establish jurisdiction over its officers or employees. *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984); *see also Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000) ("Each defendant's contacts with the forum state must be assessed individually.").

Neither the Complaint nor Plaintiff's motion here addresses personal jurisdiction over the Individual Defendants at all, much less provides sufficient facts from which the Court could conclude that exercising personal jurisdiction over them would comport with due process. The

Complaint alleges that Kadirov and Saydahmedov reside in Maryland, and that Kiss resides in Pennsylvania. (ECF No. 1 ¶¶ 11–13.) Aside from identifying their respective states of residence, the Complaint alleges only, and in identical formulaic terms, that each Individual Defendant is an "officer" who "exerted substantial control over significant aspects of KLC Cleaning's operations during all relevant time periods." (ECF No. 1 ¶¶ 11–13.) Those allegations may bear on Plaintiff's theory that the Individual Defendants constitute "joint employers" for purposes of liability under the FLSA. *See Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014). They do not, however, sufficiently identify the defendant-specific forum contacts that due process requires. *See Olsen v. Ratner Companies, L.C.*, No. 20-cv-03760, 2021 WL 912896, at *4 (D.N.J. Mar. 10, 2021) (finding no personal jurisdiction over corporate officers in an FLSA action where plaintiff contended only that the officers exercised authority over New Jersey locations and participated in the decision not to pay employees).

In sum, the Court is satisfied that it has personal jurisdiction over KLC, but not over the Individual Defendants. Plaintiff's motion for default judgment will therefore be denied as to the Individual Defendants, and the Court proceeds with the Rule 55 analysis as to KLC alone.

**B. Sufficiency of Claim**

The Court next considers whether the unchallenged allegations of the Complaint establish a viable cause of action against KLC. By virtue of its default, KLC is deemed to have admitted the Complaint's well-pleaded factual allegations, though not its legal conclusions or allegations concerning the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

The FLSA generally requires an employer to compensate an employee who works more than forty hours in a workweek "at a rate not less than one and one-half times the regular rate at

which he is employed." 29 U.S.C. § 207(a)(1). To state an overtime claim, "a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (quoting *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)) (alterations in original); *see also Walsh v. AMA Staffing Servs. LLC*, No. 22-cv-1786, 2023 WL 4677732, at *4 (D.N.J. July 21, 2023) (applying *Davis* on motion for default judgment).

Here, the Complaint sufficiently states an FLSA claim. It alleges that Plaintiff was employed by KLC as a non-exempt worker to perform cleaning services, that he was regularly required to work more than forty hours per week, and that KLC failed to pay him the required overtime premium for hours worked in excess of forty. Those allegations, taken as true, sufficiently establish that KLC violated § 207(a)(1). *See Davis*, 765 F.3d at 242–43; *Walsh*, 2023 WL 4677732, at *5.

### C. <u>Propriety of Default Judgment</u>

Lastly, the Court must consider whether the circumstances otherwise warrant entry of default judgment. Three factors guide that inquiry: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Here, all three factors weigh in favor of default judgment.

First, Plaintiff would be prejudiced if default judgment were denied because KLC's failure to participate in this action would otherwise leave him without a means to obtain relief on his FLSA claim. Indeed, KLC's failure to answer the Complaint has already prevented Plaintiff from "prosecuting [his] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-cv-624, 2011 WL

4729023, at *4 (D.N.J. Oct. 5, 2011); *Lancer Ins. Co. v. MJ & Sons Contractor Truck, LLC*, No. 15-7371, 2016 WL 74411, at *4 (D.N.J. Jan. 6, 2016) (finding prejudice to plaintiff where defendant's failure to respond to complaint prevented plaintiff from prosecuting its case).

Second, nothing in the record suggests that KLC possesses a litigable defense. KLC has not appeared or responded to the Complaint and has therefore offered no "evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Nor does the present record otherwise disclose any such defense.

Finally, KLC's failure to respond is attributable to culpable conduct. KLC was properly served, yet it failed to answer, otherwise respond, or seek to set aside the Clerk's entry of default. In the absence of any explanation for that failure, the Court may infer that KLC's nonparticipation is willful. *See Great Lakes*, 652 F. Supp. 3d at 481. Accordingly, all three factors weigh in favor of entering default judgment against KLC on Plaintiff's FLSA claim.

## V. CONCLUSION

For all of the reasons set forth above, Plaintiff's motion for default judgment is granted as to KLC on Plaintiff's individual FLSA overtime claim and denied as to the Individual Defendants. The Court will separately determine the amount of damages and other relief to which Plaintiff is entitled against KLC.

Date: August 24, 2026

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE